IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS G. NAVARRETT, | No. CIV S-10-0916-CMK-P |
|     Petitioner, | |
|   vs. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
|     Respondent. | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Petitioner's "petition for writ of habeas corpus." (Doc. 1).

      Rule 2(c) of the Federal Rules Governing Section 2254 Cases requires that every habeas corpus petition must: (1) specify all the grounds for relief; (2) state the facts supporting each ground for relief; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury. In the instant case, the "petition" fails to meet one or more of these requirements. The document filed by Petitioner is not actually a petition for writ of habeas corpus, but rather is a request for additional time to file his petition. Such a filing is insufficient to meet the requirements of Rule 2(c). Petitioner has not provided

the court with sufficient information to even determine whether he has filed his request in the correct court. Petitioner will be provided an opportunity to file an amended petition which satisfies Rule 2(c). Petitioner is warned that failure to comply with this order may result in the dismissal of this action. See Local Rule 110.

In addition, if Petitioner intends to proceed in this action, he will be required to resolve his fee status. Petitioner has not filed an application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee. As to the certification requirement, while a copy of petitioner's prison trust account statement certified by prison officials is not required to satisfy the requirement, such a statement will suffice. Petitioner is again warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed with leave to amend;

2. Petitioner shall file an amended petition on the form employed by this court, and which names the proper respondent, states all claims and requests for relief, and which satisfies the requirements of Rule 2(c) of the Federal Rules Governing Section 2254 Cases, within 30 days of the date of this order;

3. The Clerk of the Court is directed to send petitioner the court's form habeas corpus application;

/ / /

1        4.      Petitioner shall also submit on the form provided by the Clerk of the
2 Court, within 30 days from the date of this order, a complete application for leave to proceed in
3 forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee;
4 and
5        5.      The Clerk of the Court is also directed to send petitioner a new form
6 Application to Proceed In Forma Pauperis By a Prisoner.

DATED:  October 22, 2010

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE