IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS G. NAVARRETT | No. CIV S-10-0916-GEB-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
|     Respondent. | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

       On October 25, 2010, the court dismissed petitioner's petition and directed petitioner to file an amended petition within 30 days. The court also directed petitioner to submit either a completed application for leave to proceed in forma pauperis or the full filing fee for this action within 30 days. Petitioner was warned that failure to file an amended petition and resolve his fee status may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. Petitioner failed to respond.

/ / /

/ / /

On December 9, 2010, the court issued an order to show cause ordering petitioner to show cause in writing, within 30 days, why this action should not be dismissed for failure to file an amended petition.  Petitioner was again warned that failure to respond to the order may result in dismissal of the action for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See id.  To date there has been no response from petitioner.

The court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered these factors, and in light of petitioner's failure to file an amended petition as directed, the court finds that dismissal of this action is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

///

///

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court.  Responses to objections shall be filed within 14 days after service of
5  objections.  Failure to file objections within the specified time may waive the right to appeal.
6  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8   DATED:  January 26, 2011
9
                                            _____
10                                           **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26